DAUKSCH, J.
This is an appeal from an order reducing alimony in a marital dissolution modification proceeding. The parties dissolved their marriage in 1989. In 1997, the former wife filed a contempt motion for failure to pay ordered permanent alimony of $1,400 per month, and the former husband responded with a modification petition. The trial court determined that the former husband could not afford to pay alimony of $1,400 per month and reduced the obligation to $700.
When the original alimony of $1,400 per month was ordered the former husband had an annual income of approximately $32,000. At the time of the con-tempVmodification proceedings, his annual income had grown to approximately $50,-000. At the hearing, it was also brought out that the former husband, if he desired, could begin drawing on retirement benefits from a former employer in the amount of $613 per month.
*479 A modification of alimony requires a change of circumstances that is substantial, permanent, and meaningful, “relating to the needs of the spouse receiving the alimony and the ability of the other spouse to pay.” Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1988), rev. denied, 531 So.2d 169 (Fla.1988). The only change in circumstances that the former husband alleged was the fact that he owed the Internal Revenue Service over $33,000, and the fact that the arrearage on his alimony obligation, which the trial judge reduced to judgment in this proceeding, had reached $100,000.
This change in circumstances did not warrant a modification of the former husband’s alimony obligation. The former husband’s debt to the former wife, now reduced to judgment, is not a reason to reduce the current alimony obligation. The trial court did not order immediate payment on the arrearage and, in any event, courts, as a rule, should not reward those who choose not to follow their decrees. The former husband is, admittedly, liable to the IRS for over $38,000, a sum which he will have to work on paying back to the government. Given, however, that (1) the former wife still needs the support; (2) the former husband has an income of $50,000, which is 50% higher than the income he had when the original alimony amount was established; and (3) the former husband could draw on a pension to give him an additional $600 a month in income; the former husband failed to show the change in circumstances necessary to justify a modification of the final judgment. The portion of the trial court’s order reducing the former husband’s alimony obligation is reversed.
REVERSED IN PART; REMANDED.
PETERSON, J., and ORFINGER, M., Senior Judge, concur.